IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **METROPOLITAN LIFE INSURANCE CO.,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | 5:08-CV-168 (HL) |
| v. | : | |
| | : | |
| **MARY L. ARRINGTON, et al.,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

This Court conducts an initial review of the cases that come before it to ensure that there is a proper jurisdictional basis for each case. Federal courts have only limited jurisdiction, and they must constantly examine a case's jurisdictional basis–even on their own initiative if necessary. Save the Bay, Inc. v. U.S. Army, 639 F.2d 1100, 1102 (5th Cir. 1981). The requirements for diversity of citizenship jurisdiction are set forth in 28 U.S.C. § 1332, which states that federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C.A. § 1332(a)(1) (West 2006). Further, "complete diversity" must exist for the court to retain jurisdiction, that is, every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc.,

154 F.3d 1284, 1287 (11th Cir. 1998). When diversity jurisdiction is asserted, the complaint "must contain averments of the parties' citizenship." **Moore's Federal Practice** § 8.03[5][a] (3d ed., 2007) (citing Fed. R. Civ. P. Appendix of Forms, Form 2(a)); Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co. of Fl., 827 F.2d 1454, 1457 (plaintiff must allege facts establishing the citizenship of the parties); Lentino v. Fringe Emp. Plans, Inc., 611 F.2d 474, 478 (3d Cir. 1979) ("Allegations of the citizenship of all parties to the lawsuit must appear in the complaint.").

The statement of jurisdiction in this case asserts simply that "MetLife and the defendants are citizens of different states." Compl. ¶ 7. This conclusory allegation of diversity jurisdiction is insufficient to determine whether diversity jurisdiction is appropriate. Plaintiff must therefore amend its pleadings to affirmatively state its citizenship and the citizenship of each Defendant. Failure to do so by June 2, 2008 will result in automatic dismissal of the case for lack of subject matter jurisdiction.

**SO ORDERED**, this the 22nd day of May, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch